UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiff,                                      Case No. 3:16-cv-375

vs.

LORETTA LYNCH, Attorney General,        District Judge Thomas M. Rose
                                                            Magistrate Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) DIRECTING *PRO SE* PLAINTIFF TO COMPLETE SERVICE OF PROCESS WITHIN 15 DAYS FROM THE ENTRY OF THIS ORDER; AND (2) NOTIFYING *PRO SE* PLAINTIFF THAT FAILURE TO PROPERLY SERVE DEFENDANT WITHIN 15 DAYS WILL RESULT IN THE DISMISSAL OF THIS CASE UNDER FED. R. CIV. P. 4(m)**

---

      This civil case is before the Court on the complaint filed by *pro se* Plaintiff on August 30, 2016. Doc. 1. *Pro se* Plaintiff names a single Defendant as a party to this case -- namely, Loretta Lynch, who was the Attorney General of the United States at the time of filing. Notably, Ms. Lynch was succeeded as Attorney General of the United States by Jeff Sessions on or about February 20, 2017. The docket reflects service on Defendant in Washington D.C. on or about September 6, 2016. Doc. 7. However, the United States Attorney for the Southern District of Ohio has not been served as required by Fed. R. Civ. P. 4(i). *See Womble v. Holder*, 506 F. App'x 423 (6th Cir. 2012).[1]

---

[1] On September 26, 2016, the United States Attorney for the Southern District of Ohio filed a notice in this case suggesting that Defendant had not properly been served in this case as a result of his failure to serve the United States Attorney for the Southern District of Ohio as required by Rule 4(i). Doc. 9. *Pro se* Plaintiff responded to the U.S. Attorney's suggestion by noting that an Order issued by Judge Rice that has barred his entry into the Federal Building without the express permission of the Chief Judge of the District. Doc. 10. While the undersigned understands *pro se* Plaintiff's position, the Court also notes that Rule 4(i) does not require personal delivery upon the United States Attorney's Office to perfect service. *See* Fed. R. Civ. P. 4(i)(1)(A)(ii).

Pursuant to Fed. R. Civ. P. 4(m), service must be made "within 90 days after the filing of the complaint."  In the absence of service of process within that time, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]"  *Id.*  It appearing that this case is subject to dismissal under Rule 4(m), the undersigned nevertheless, on its own motion, **GRANTS** *pro se* Plaintiff an extension of time to perfect service in this case.  Accordingly, *pro se* Plaintiff shall perfect service under Fed. R. Civ. P. 4 within **15 days** from the entry of this Order and he is **NOTIFIED** that his failure to evidence proper service upon Defendant within 15 days from the entry of this Order will result in the dismissal of this case pursuant to Fed. R. Civ. P. 4(m) and for his failure to prosecute.

The Clerk is **ORDERED** to serve a copy of this Order by regular mail at *pro se* Plaintiff's address of record.

**IT IS SO ORDERED.**


Date:   March 22, 2017                               s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge