UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiffs,

vs.

JEFFERSON B. SESSIONS,
Attorney General of the United States,

    Defendant.

Case No. 3:16-cv-375

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (DOC. 12) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This *pro* civil case is before the Court on Defendant's motion to dismiss. Doc. 17. *Pro se* Plaintiff Warren Easterling ("Easterling") filed a memorandum in opposition. Doc. 13. Defendant's motion is ripe for decision.

### I.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations'… it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678. Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in deciding a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Plausibility exists where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679.

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678).

## II.

Easterling is a frequent *pro se* litigator in the Southern District of Ohio and in Ohio state courts. *See, e.g.*, *Easterling v. Crawford*, No. 3:13-CV-430, 2014 WL 428931, at *4 (S.D. Ohio

2

Feb. 4, 2014) (noting that "Easterling's litigation history in this Court is . . . long and convoluted"); *Easterling v. Crawford*, No. 3:13-CV-430, 2014 WL 667638, at *4 (S.D. Ohio Feb. 20, 2014), (recommending that, because "Easterling has repeatedly abused the privilege of proceeding *in forma pauperis* in this Court, he should be barred from doing so without the prior written authorization of the Chief Judge"); *Easterling v. Crawford*, No. 3:14-CV-226, 2014 WL 5803029, at *2 (S.D. Ohio Nov. 7, 2014) (noting in late 2014 that Easterling had filed "fourteen cases in the last two years[,]" many of which he had "attempted in one way or another to have this Court interfere with, enjoin, or reverse a state court judgment").

This case concerns three particular federal cases Easterling previously filed in this Court, all of which were dismissed: (1) *Easterling v. Attorney General Mike DeWine*, Case No. 3:16-cv-139 (S.D. Ohio Apr. 13, 2016); (2) *Easterling v. Rice*, 3:15-cv-257 (S.D. Ohio July 28, 2015); and (3) *Easterling v. Judge Barbara Gorman*, 3:14-cv-314 (Sept. 23, 2014). Easterling never sought a direct appeal from the dismissal of any of these cases. *Id.* Instead, Easterling has now filed this case alleging that the judges presiding over the aforementioned cases all allegedly conspired to deprive him of his Constitutional rights and dismissed his federal civil complaints based upon flawed legal reasoning. *See* doc. 1. Easterling purports to assert his claims under 42 U.S.C. § 1985(3).[2] *Id*.

While Easterling makes conclusory allegations of a judicial conspiracy against him, he does not name any Judges as a party to this case.[3] *Id.* Instead, he brings suit only against the Attorney General of the United States alleging liability under the doctrine of *respondeat superior*. *See* doc. 1 at PageID 3. Generally, "[u]nder the doctrine of *respondeat superior*, an

---

[2] The undersigned notes that Easterling's sets forth no allegations supporting claims under § 1985(1) or (2).
[3] Of course, any potential claims against judicial officers would be subject to dismissal on the basis of judicial immunity. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

employer is liable, despite having no fault whatsoever, for the acts of its employees taken within the scope of their employment." *Hamilton v. Carell*, 243 F.3d 992, 1001 (6th Cir. 2001).

Easterling's theory of liability against the Attorney General is flawed for a number of reasons -- most significantly, Easterling's erroneous contention that federal judges are "subordinates" of the Attorney General. *See* 28 U.S.C. §§ 501, 503; U.S. Const. art. II and III. The Attorney General of the United States is the head of the United States Department of Justice, an agency within the executive branch. *See* 28 U.S.C. §§ 501, 503. The judicial branch is a wholly separate, independent, and co-equal branch of the United States government. *See* Const. art. II and III. Easterling's contention that federal judges are "subordinates" of the Attorney General -- and that the Attorney General is, therefore, vicariously liable for the conduct of federal judges -- is frivolous. Dismissal of this case is warranted on this basis alone.

Nevertheless, the Court further notes that, insofar as Easterling asserts official capacity claims against the Attorney General, such claims are barred by sovereign immunity. *Cf. United States v. Testan*, 424 U.S. 392, 399 (1976).

Further, even assuming Easterling alleged unconstitutional conduct by an actual subordinate of the Attorney General, the undersigned notes that there exists no vicarious liability under a *respondeat superior* theory for § 1985 claims. *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985); *Edmonds v. Dillin*, 485 F. Supp. 722, 725 (N.D. Ohio 1980).

In addition to the foregoing, Easterling's "allegations of conspiracy under § 1985(3) are meritless because [he] has not alleged that the defendants were motivated by a racial or ethnic animus." *Elrod v. Hawry*, 53 F. App'x 770, 772 (6th Cir. 2002); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (stating that claims under § 1985(3) require that "[t]he acts which

are alleged to have deprived the plaintiff of equal protection must be the result of class-based discrimination").

Finally, insofar as the Easterling's complaint could be liberally construed to assert individual capacity claims for the individual conduct of the Attorney General, such claims must be dismissed for failure to allege any facts regarding the Attorney General's personal involvement in any conspiracy to deprive Easterling of any Constitutional right. *Cf. Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (stating that, "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

## III.

Based upon all of the foregoing, the undersigned **RECOMMENDS** that: (1) Defendant's motion to dismiss (doc. 17) be **GRANTED**; and (2) that this case be **TERMINATED** on the Court's docket.

Date: June 7, 2017                                         s/ Michael J. Newman
                               Michael J. Newman
                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).